**AFFIRM; Opinion Filed November 21, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00456-CV**

**IN THE INTEREST OF K.D.S.P., CHILD**

**On Appeal from the 305th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JC-20-00042**

# MEMORANDUM OPINION

Before Justices Schenck, Pedersen, III, and Smith
Opinion Per Curiam

In this appeal of the trial court's final order in a suit affecting child–parent rights, Mother appeals the decision to terminate her parental rights to a child, K.D.S.P, and Father appeals the decision to appoint him as possessory conservator of the same child. Mother challenges the sufficiency of the evidence to support the jury's findings that termination of her parental rights was in the best interest of the child. Father similarly challenges the sufficiency of the evidence to support the jury's decision to appoint non-parent Foster Parents as permanent joint managing conservators and himself as possessory conservator of the child. We affirm trial court's order. Because the dispositive issues in this case are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## BACKGROUND

Father moved from Reynosa, Mexico, to Dallas, Texas, in 2017. At that time, he had been married to Stepmother for nearly twenty years and had three sons with her. Father and Stepmother agreed his living and working in Dallas would be beneficial for their family, and Father regularly called home to stay in touch with his wife and sons, as well as sent home money each week. That year, Father also met Mother, and by 2018, Father and Mother had entered into a romantic relationship.

Mother has been addicted to drugs since she was fourteen years old. Prior to meeting Father, she used heroin while pregnant with her two children from a previous relationship, and both children were born addicted to the drug. Both children were removed due to that addiction and placed with paternal relatives.

At his construction job, Father was offered and began using illegal drugs to keep up with the work. Father and Mother continued to use illegal drugs until Mother learned she was pregnant around September of 2019. Both parents agreed to seek treatment, and Mother went to a methadone clinic. Both soon relapsed, but each hid his or her drug use from the other.

In December of 2019, K.D.S.P. was born two months prematurely and addicted to heroin. The hospital reported the child's addiction at birth to the Department. A few days after her birth, the Department filed a petition for protection, conservatorship, and termination. Both parents submitted to drug testing at the Department's request. Mother and Father tested positive for illegal drugs. The

Department took custody of K.D.S.P. and subsequently placed her with Foster Parents.

Mother visited K.D.S.P. in the hospital, but she failed to appear at a hearing two weeks after K.D.S.P.'s birth. The Department served her by publication. Mother also failed to appear at a supervised visit scheduled at the beginning of February 2020. Mother did not file an answer until June 17, 2021.

In January 2020, Father and Stepmother decided together that he would return to their home in Reynosa to enter drug–rehabilitation treatment. Father entered into an in-patient rehabilitation–treatment facility in Reynosa, stayed there for three months, and was released in May 2020. During his treatment, he was not permitted to have communication with others outside the facility. Before he entered the facility, Father gave Stepmother the contact information he had received from the Department and instructed her to call and ask about K.D.S.P. Stepmother sent a message to the Department and obtained a list of services he needed to complete in order for Father to be reunified with his daughter. Father worked with the Department's office in McAllen and the Mexican equivalent of the Department, DIF, to complete the services.

While K.D.S.P. remained in the care of Foster Parents, Mother did not visit her more than three times, and all were in-person visits at the Department's offices. However, in June of 2020, Father began visiting K.D.S.P. weekly via video calls and consistently visited her that way through the pendency of this case. Foster Mother

facilitated these visits using various methods to keep the infant and then toddler K.D.S.P. engaged with Father.

On January 13, 2021, Father filed his original answer, requesting a jury trial and seeking return of K.D.S.P. to him, as well as lesser alternative forms of relief, such as joint managing conservatorship and possessory conservatorship. That same day, Father moved to continue the trial set for later that month, arguing the parties were awaiting the results of an addendum to the home study on Father. That same month, the trial court conducted a hearing and signed an order extending the dismissal date in the case until July 2021, noting the parties' intention to reunify the child with Father, but that the Department and the child's guardian ad litem required time to translate and consider additional information expected to be gathered by DIF.

On August 30, 2021, Foster Parents filed a petition to intervene in the Department's suit, seeking the termination of both Mother's and Father's parental rights as to K.D.S.P. Foster Parents requested the Department be appointed managing conservator and alternatively that they be appointed joint managing conservators.

The case proceeded to trial before a jury, at which Mother, Father, Foster Parents, and other witnesses testified. At the conclusion of the trial, the jury returned a verdict, finding, among other things, it was in the best interest of K.D.S.P. for

–4–

Mother's parental rights to terminated,[1] for Father's parental rights to not be terminated,[2] for Foster Parents to be appointed joint managing conservators, and for Father to be appointed possessory conservator. The trial court signed an order terminating Mother's parental rights and appointing Foster Parents permanent joint managing conservators and Father possessory managing conservator consistent with the jury's findings. That order also required Father's possession be supervised and included a finding that unsupervised access would endanger the physical health or safety of K.D.S.P.

Mother and Father filed separate notices of appeal and briefs in this case.

### DISCUSSION

In three issues, Mother challenges the legal and factual sufficiency of the evidence to support the jury's finding that termination of her parental rights was in the best interest of K.D.S.P. In a single issue, Father challenges the sufficiency of the evidence to support the implied findings that the appointment of him as managing conservator was not in K.D.S.P.'s best interest and that appointment of Father as managing conservator would significantly impair K.D.S.P.'s physical or

---

[1] The jury also found Mother had allowed K.D.S.P. to be placed or remain in conditions or surroundings that endangered the child's physical or emotional well-being, had engaged in conduct or placed K.D.S.P. with persons who engaged in conduct that endangered the child's physical or emotional well-being, and constructively abandoned K.D.S.P.

[2] The jury found Father had allowed K.D.S.P. to be placed or remain in conditions or surroundings that endangered the child's physical or emotional well-being and had engaged in conduct or placed K.D.S.P. with persons who engaged in conduct that endangered the child's physical or emotional well-being. Despite those findings, the jury concluded termination of his parental rights as to K.D.S.P. would not be in the child's best interest.

emotional development in order to overcome the presumption that a fit parent acts in a child's best interest.

No party, other than appellants, has filed a brief in this case. Upon our own review of the record before us, we question whether the issue of the sufficiency of the evidence to support termination of Mother's parental rights and to overcome the constitutional parental presumption or to establish significant impairment was properly preserved below.

It is unclear from existing case law whether an appellate court must, should, or may raise the issue of preservation on its own. *See Osman v. City of Fort Worth*, No. 02-21-00117-CV, 2022 WL 187984, at *5 (Tex. App.—Fort Worth Jan. 20, 2022, pet. denied) (mem. op.) ("[p]reservation of error is a systemic requirement on appeal," and "a court of appeals *should* review preservation of error on its own motion.") (quoting *Knoderer v. State Farm Lloyds*, 515 S.W.3d 21, 44 (Tex. App.—Texarkana 2017, pet. denied)); *see also Fed. Deposit Ins. Corp. v. Lenk*, 361 S.W.3d 602, 604 (Tex. 2012) ("When a party fails to preserve error in the trial court . . . an appellate court may not consider the unpreserved or waived issue."); *Alikhan v. Alikhan*, No. 03-19-00515-CV, 2021 WL 3085844, at *3 (Tex. App.—Austin July 22, 2021, pet. filed) (mem. op.) ("To protect th[e] important prudential considerations [behind error preservation]—including those of judicial economy—we may review the record sua sponte for preservation of error."); *cf. Mitchell v. Wilmington Sav. Funds Soc'y, FSB*, No. 02-18-00089-CV, 2019 WL 150262, at *4

–6–

(Tex. App.—Fort Worth Jan. 10, 2019, no pet.) (mem. op.) ("[B]efore we consider whether an abuse of discretion has occurred, the error must be preserved for our review."). Regardless of that question, we conclude that it is proper for us to raise preservation *sua sponte*.

Factual sufficiency issues must be preserved by new trial motion. TEX. R. CIV. P. 324(b)(2); *In re A.R.M.*, 593 S.W.3d 358, 362, n.1 (Tex. App.—Dallas 2018, pet. denied) (mem. op.) (applying Rule 324 in parental-termination case). The clerk's record does not contain a new trial motion, nor does the computer-generated docket sheet indicate that any such motion was filed. Neither Mother nor Father preserved a factual sufficiency argument. *See, e.g.*, *In re A.P.*, No. 05-19-01536-CV, 2020 WL 3071708, at *5 (Tex. App.—Dallas June 10, 2020, no pet.) (mem. op.), *superseded by statute on other grounds as stated in In re D.T.*, 625 S.W.3d 62, 70 (Tex. 2021).

A legal sufficiency argument can be preserved by: (i) a motion for instructed verdict, (ii) a motion for judgment notwithstanding the verdict, (iii) an objection to a jury question's submission, (iv) a motion to disregard a jury's answer to a vital fact issue, or (v) a new trial motion. *See In re A.H.J.*, No. 05-15-00501-CV, 2015 WL 5866256, at *10 (Tex. App.—Dallas Oct. 8, 2015, pet. denied) (mem. op.). Here, nothing in the record on appeal indicates that either Mother or Father made any of these motions or objections. Accordingly, neither Mother nor Father preserved a legal sufficiency argument. *See id.* (applying ordinary preservation rules to legal

sufficiency challenge in parental-termination case); *see also In re M.M.*, No. 05-19-00329-CV, 2019 WL 4302255, at *6 (Tex. App.—Dallas Sept. 11, 2019, pet. denied) (mem. op.).

In view of the apparent lack of preservation, we are obliged to overrule Mother's and Father's respective issues and affirm the trial court's order.

## CONCLUSION

We affirm the trial court's order terminating the parental rights of Mother as to K.D.S.P., appointing Foster Parents as managing conservators of K.D.S.P., and appointing Father as possessory conservator of K.D.S.P.

/Per Curiam/
PER CURIAM

220456F.P05

Schenck, J., concurring and dissenting.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF K.D.S.P.,

No. 05-22-00456-CV

On Appeal from the 305th Judicial District Court, Dallas County, Texas Trial Court Cause No. JC-20-00042. Opinion delivered Per Curiam. Justices Schenck, Pedersen, III, and Smith participating.

In accordance with this Court's opinion of this date, We **AFFIRM** the trial court's order terminating the parental rights of MOTHER as to K.D.S.P., appointing Foster Parents as managing conservators of K.D.S.P., and appointing FATHER as possessory conservator of K.D.S.P.

It is **ORDERED** that appellees recover their costs of this appeal from appellants MOTHER and FATHER.

Judgment entered this 21st day of November 2022.